# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO.  1:05CV346

| | |
|---|---|
| SCITECK CLINICAL LABORATORIES, INC., a Delaware corporation, ) ) ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **TEMPORARY RESTRAINING** |
| ) | **ORDER** |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, An Agency of the United States Government, ) ) ) ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for a

temporary restraining order (TRO).  Plaintiff also seeks a preliminary

injunction and filed a complaint for declaratory judgment and for violations of

the Fifth and Fourteenth Amendments.

"In this circuit the trial court standard for interlocutory relief is the

balance of hardship test."  ***Wetzel v. Edwards***, **635 F.2d 283, 287 (4**[th] **Cir.**

**1980).**  The Court must consider four factors in deciding whether to grant or

deny interim injunctive relief: "(a) plaintiff's likelihood of success in the

underlying dispute between the parties; (b) whether plaintiff will suffer irreparable injury if interim relief is denied; (c) the injury to defendant if an injunction is issued; and (d) the public interest." *Id.* The two most important factors are "probable irreparable injury to the plaintiff if an injunction is not issued and likely harm to the defendant if an injunction is issued. If, upon weighing them, the balance is struck in favor of the plaintiff, a preliminary injunction should issue if, at least, grave or serious questions are presented." *Id.* However, as the harm to the Plaintiff decreases, when balanced against the harm to the Respondent, the likelihood of success on the merits becomes more important. ***Telvest, Inc. v. Bradshaw***, **618 F.2d 1029, 1032-33 (4th Cir. 1980).** Likelihood of success on the merits alone, however, without any showing of a risk of irreparable harm, is not sufficient to warrant the issuance of a preliminary injunction since a petitioner must always show some risk of probable irreparable injury. ***Blackwelder Furniture Co. v. Seilig Mfg. Co.***, **550 F.2d 189, 196 (4th Cir. 1977).**

Here, Plaintiff alleges Defendant has acted improperly in suspending and proposing revocation of its certification as a Substance Abuse and Mental Health Services Administration ("SAMHSA") certified drug testing laboratory.

The harm to Plaintiff if the TRO does not issue is substantial.  Plaintiff avers that without injunctive relief allowing it to maintain its certification, its loss will be "[i]n excess of $100,000 a month in revenue, a $3 Million a year business, loss of numerous employees and the cost and confusion to current Federal and private sector clients[.]"  **Plaintiff's Brief in Support of Motion for Temporary Restraining Order, filed November 21, 2005, at 4.**  The Court does not believe that these potential losses are overstated, in that Plaintiff's entire business appears to hinge on maintaining SAMHSA certification. Plaintiff's harm would be even more irreparable in that once its customer base was forced to contract with another SAMHSA-certified laboratory, Plaintiff will likely not be able to regain its lost business.  On the other hand, the Court finds little harm, if any, flowing to Defendant from issuance of a TRO in this instance.  The Court, therefore, finds that the balance of harms tilts decidedly in favor of the Plaintiff.

The Court also finds that Plaintiff has put forth a sufficient showing of a likelihood of success on the merits to warrant issuance of a TRO, especially in light of the substantial harm to Plaintiff and slight harm to Defendant. Plaintiff has alleged that it was treated in a disparate manner and was the

subject of intentional and purposeful discrimination by Defendant. Plaintiff has submitted evaluation forms, e-mails, and other correspondence and documentation evidencing the hostile relationship between Defendant and Plaintiff. Additionally, there is the presence of a "disgruntled" former employee of Plaintiff who is now employed by Defendant's agent, Research Triangle Institute ("RTI"), which is charged with evaluating the performance of Plaintiff in order for Plaintiff to keep its certification. Plaintiff has also submitted evidence that Defendant utilizes Plaintiff's competitors as evaluators. This evidence shows a sufficient likelihood that Plaintiff could succeed on the merits.

Finally, the Court does not find that the public interest would be harmed by issuance of a TRO in this case. Plaintiff scored excellently on its October 31, 2005, National Laboratory Certification Program Maintenance Performance Testing, and the Court does not believe the public would be at risk by allowing Plaintiff to maintain its SAMHSA certification until a hearing can be held in this matter. In fact, as Plaintiff is the only SAMHSA-certified laboratory in Western North Carolina, the public interest would quite possibly be harmed by not issuing the TRO.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **GRANTED**, and Defendant and its agent, Research Triangle Institute, are hereby enjoined, restrained, and prohibited from applying or enforcing the suspension order and proposed revocation order issued by the Defendant on November 14, 2005.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction will be heard at 10:00 A.M., Tuesday, November 29, 2005, in the Third Floor Courtroom of the United States Courthouse in Asheville, North Carolina.

**ISSUED** this day at 5:20 PM.

**Signed: November 21, 2005**

Lacy H. Thornburg
United States District Judge